IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GREG HARMON, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| UCB PHARMA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Greg Harmon (hereinafter "Plaintiff"), and files this lawsuit against Defendant UCB PHARMA, INC., (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant UCB PHARMA, INC. is now, and at all times relevant to this action has been, a corporation transacting business within this judicial district, and Plaintiff was employed by Defendant to perform services within this judicial district.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. Parties

5.

Defendant may be served with process by delivering copies of the summons and complaint to Defendant's registered agent.

6.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

7.

Plaintiff worked for the Defendant from July 15, 2008 through June 17, 2010 as a Senior Rebates Analyst.

8.

Plaintiff is an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

### IV. Facts

9.

Defendant contracts to distribute products and provide services to its customers.

10.

Many of Defendant's contracts entitle its customers to receive rebates, as specified in the contracts.

11.

Plaintiff was a Senior Rebates Analyst with a primary duty to enter data contained in the Defendant's customer contracts into a computer database and run automated reports from that computer database, which provided calculations of rebate amounts to be paid to customers under the terms of Defendant's contracts.

12.

Plaintiff was not authorized to finalize rebates and bind the Defendant to their payment.  Rather, Plaintiff submitted rebate amounts to supervisors for review and approval.

13.

Defendant's legal department prescribed procedures for handling issues under the contracts that could significantly impact the company, which Plaintiff then applied, as directed.

14.

During Plaintiff's employment with the Defendant, Plaintiff has not been paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

15.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek, including through lunches and after hours, and was not paid the overtime wage differential.

16.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.  Defendant has discretion to control Plaintiff's payroll and overtime compensation.  Defendant has discretion to control the hiring and firing of Plaintiff.  Defendant has discretion to control Plaintiff's working conditions.  Defendant has discretion to set Plaintiff's wages.  Defendant has discretion to exercise significant control over Plaintiff.

17.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.

Defendant is governed by and subject to FLSA § 4 and FLSA §7, 29 U.S.C. §204 and §207.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

19.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

20.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII. Prayer for Relief

21.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on

unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 3rd day of February, 2011.

**BARRETT & FARAHANY, LLP**

/s/ Amanda A. Farahany___
Amanda A. Farahany
Georgia Bar No. 646135
Attorney for Greg Harmon

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile